MELINDA S. RIECHERT, State Bar No. 65504
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306-2122
Tel:  650.843.4000
Fax:  650.843.4001
mriechert@morganlewis.com

Attorneys for Defendants
BRANDYWINE REALTY TRUST
AND DANIEL CUSHING


JASON J. CURLIANO, State Bar No. 167509
ADAM M. KOSS, State Bar No. 245465
BUTY & CURLIANO LLP
555 City Center
555 12th Street, Suite 1280
Oakland, CA  94607
Tel:  510.267.3000
Fax:  510.267.0117
jasonc@butycurliano.com

Attorneys for Plaintiff
JOHN SUTTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SUTTON,<br><br>            Plaintiff,<br><br>     vs.<br><br>BRANDYWINE REALTY TRUST, DANIEL CUSHING, and DOES 1 through 20,<br><br>            Defendants. | Case No.  C07-01109 CW<br><br>**CONFIDENTIALITY AGREEMENT AND STIPULATION AND PROTECTIVE ORDER** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7631917.1

CONFIDENTIALITY AGREEMENT AND
STIPULATION AND [PROPOSED]
PROTECTIVE ORDER (C07-01109 CW)

In connection with the above-captioned action, the parties Plaintiff John Sutton ("Plaintiff") and Defendants Brandywine Realty Trust and Daniel Cushing ("Defendants") by and through their undersigned attorneys, stipulate that the following Confidentiality Agreement and Stipulation and Protective Order may be entered by the Court:

1. Defendants shall have the right to designate as "CONFIDENTIAL" the September 15, 2006 letters to Ms. Leanne Butterfield and Mr. Dan Cushing ("Letters") on the grounds that these Letters contain information subject to a legally protected right of privacy. The designation shall be made by making each page of the Letters as "CONFIDENTIAL."

2. The Letters designated as CONFIDENTIAL and produced by Defendants in the instant matter shall be used by the party receiving or reviewing them (the "Receiving Party") only for the purposes of preparing for and conducting the litigation or settlement of the instant action and shall not be used for any or other purpose whatsoever.

3. The production or disclosure of the Letters by Defendants shall in no way constitute a waiver of any Defendants' right to object to the production or disclosure of other additional confidential material or information and shall have no effect on any other dispute over the parties' right to apply to the Court for a further protective order relating to any additional confidential material.

4. This Protective Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions hereof. However, prior to any application to the Court to enlarge or reduce the restrictions of this Protective Order, the parties will confer in good faith in an effort to resolve such issues and determine by stipulation an appropriate modification of the original Protective Order.

5. Unless and until otherwise ordered by the Court or agreed to in writing by the parties, the Letters designated as "CONFIDENTIAL" shall be treated as such and shall not be disclosed except in accordance with the terms of this Protective Order.

6. The Letters designated as CONFIDENTIAL shall not be reproduced except as required in connection with the litigation of the instant case. Any person making, or causing to be made, photocopies, excerpts, blow-ups or demonstrative material reflecting any portions of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7631917.1

1

CONFIDENTIALITY AGREEMENT AND
STIPULATION AND [PROPOSED]
PROTECTIVE ORDER (C07-01109 CW)

Letters designated as CONFIDENTIAL shall make certain that each such item bears the appropriate CONFIDENTIAL marking.

7. All copies or derivations of those portions of the Letters designated as CONFIDENTIAL shall also constitute Confidential Material and shall be treated as such.

8. Confidential Material may be referred to by a Receiving Party or Producing Party in papers filed with the Court in the instant action and/or in discovery papers. However, no such information shall be used for any of these purposes unless the papers, or the portion thereof containing Confidential Material, are appropriately designated and, if filed with the Court, filed under seal.

9. If the Letters designated as CONFIDENTIAL and any Confidential Material derived therefrom are used at a deposition, those portions of deposition testimony must also be designated as Confidential Material. The party requesting the designation may state during the deposition which testimony should be treated as CONFIDENTIAL and request that the Court reporter print that portion of the transcript separately and mark it CONFIDENTIAL, as the case may be.

10. The Letters designated as CONFIDENTIAL and all other Confidential Material derived therefrom, may only be disclosed or made available to "Qualified Persons," who are defined to consist of:

 (a) The Court and employees of the Court

 (b) Counsel to the parties in the instant matter (both in-house and outside counsel), including clerical, secretarial and paralegal staff employed by such counsel;

 (c) Experts or consultants and their staff assisting in the prosecution or defense of the instant matter, provided that said experts and/or consultants are not (i) employed by, (ii) regular consultants for, or (iii) employees of firms or businesses that are regular consultants for any of the parties engaged in this lawsuit, provided that they sign Exhibit A;

 (d) Parties and representatives or employees of parties (officers, directors, employees, trustees, etc.) on a need-to-know basis;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7631917.1

2

CONFIDENTIALITY AGREEMENT AND
STIPULATION AND [PROPOSED]
PROTECTIVE ORDER (C07-01109 CW)

1    (e)     Any person who authored or previously received the Confidential Material,
2    or who has knowledge of the specific facts identified in such materials;

3    (f)     Court reporters and other persons involved in recording deposition
4    testimony in this action by any means;

5    (g)     Any other person to whom the Producing Party agrees in writing;

6    (h)     Commercial photocopying services ordinarily used by counsel for the
7    purposes of photocopying, if such services are deemed reasonably necessary under the
8    circumstances; and

9    (i)     Other witnesses when testifying or persons who a party reasonably believes
10   may be called as a witness, provided that they sign Exhibit A.

11   11.     The Letters designated as CONFIDENTIAL and other Confidential Material
12   derived therefrom, shall not be disclosed to any persons other than Qualified Persons.  In the
13   event that any Qualified Person to whom the Letters designated as CONFIDENTIAL and other
14   Confidential Material derived therefrom is disclosed ceases his or her involvement in the instant
15   action, his or her access to the Letters designated as CONFIDENTIAL and other Confidential
16   Material derived therefrom shall be terminated immediately.  The provisions of this Protective
17   Order shall remain in full force and effect as to any such person

18   12.     Counsel for the parties shall take reasonable precautions to prevent the
19   unauthorized disclosure of the Letters designated as CONFIDENTIAL and other Confidential
20   Material derived therefrom.

21   13.     Upon the written request of the Defendants made within sixty (60) days of the
22   final disposition of this action, those portions of the Letters marked as CONFIDENTIAL and all
23   Confidential Material derived therefrom as well as all copies or extracts thereof, shall be returned
24   to the Defendants within thirty (30) days of such request or, at the Defendants' option, shall
25   promptly be destroyed, except that briefs and other court papers prepared for use in the instant
26   matter need not be returned or destroyed but shall be kept confidential by all counsel for the
27   parties.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7631917.1                                    3                CONFIDENTIALITY AGREEMENT AND
                                                                   STIPULATION AND [PROPOSED]
                                                                   PROTECTIVE ORDER (C07-01109 CW)

14.   The binding effect of this Protective Order shall survive termination of this action, and the Court shall retain jurisdiction to enforce the Protective Order.

Dated: November _____, 2007        MORGAN, LEWIS & BOCKIUS LLP

By _____
   Melinda S. Riechert

Attorneys for Defendants
BRANDYWINE REALTY TRUST
AND DANIEL CUSHING

Dated: November _____, 2007        BUTY & CURLIANO LLP

By _____
   Jason Curliano

Attorneys for Plaintiff
JOHN SUTTON

## ORDER

GOOD CAUSE APPEARING, the foregoing Confidentiality Agreement and Stipulation is approved and adopted as an Order of the Court.  **But see Local Rule 79-5.**

Dated: 12/5/07        _____
                       Honorable Claudia Wilken
                       UNITED STATES DISTRICT JUDGE

# **EXHIBIT A**

AGREEMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT

I, the undersigned, hereby acknowledge that I have received a copy of the foregoing Confidentiality Agreement and Stipulation (the "Agreement"), have read same and agree to be bound by all provisions thereof. I irrevocably submit myself to the jurisdiction of the United States District Court, Northern District of California for enforcement of this Agreement. I understand that if I violate the terms of the Agreement, I may be subject to appropriate sanctions by the Court.

DATED:_____                                       _____

                                                                                             _____